UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHAD GRANT,

    Petitioner,

v.                                  CASE NO. 6:14-cv-811-Orl-37GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This cause is before the Court on an Amended Petition for Writ of Habeas Corpus ("Amended Petition") filed pursuant to 28 U.S.C. § 2254 (Doc. 9). Respondents filed a Response to the Amended Petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. 14). Although Petitioner was given an opportunity to file a reply, he did not do so.

Petitioner alleges three claims for relief in the Amended Petition. For the following reasons, the petition for writ of habeas corpus is denied.

                          **I.**       **PROCEDURAL HISTORY**

Petitioner was charged by information with burglary of a dwelling (count one) and grand theft (count two) (Doc. 17-1 at 428). After a jury trial, Petitioner was convicted as charged. *Id.* at 484-85. The trial court sentenced Petitioner to a twenty-year term of imprisonment as a habitual felony offender ("HFO") with a fifteen-year minimum

mandatory term as a prison releasee reoffender ("PRR") for count one, to be followed by a five-year term of probation and to a ten-year term of imprisonment as an HFO for count two. *Id.* at 502-12. Petitioner appealed, and the Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam*. *Id.* at 572.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. *Id.* at 595-608. The trial court entered an order striking the motion as facially insufficient. *Id.* at 637-38. Petitioner filed an amended Rule 3.850 motion, and the trial court summarily denied the motion. *Id.* at 648-62. Petitioner did not appeal.

## II.   LEGAL STANDARDS

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."   *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

2

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."  *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."  *Id*. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court.  *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner

3

shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

      B.      **Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.  *Strickland* encourages reviewing courts to allow lawyers broad

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

> discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.   ANALYSIS

#### A.   Claims One and Two

Petitioner alleges in claim one that trial counsel was ineffective for failing to move for an independent fingerprint expert to test the conclusions of the State's expert (Doc. 9 at 5). In his second claim, Petitioner asserts that appellate counsel was ineffective for failing to argue claim one on direct appeal. *Id.* at 7. Respondents argue that these claims are unexhausted.

Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999). In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citations omitted); *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). The petitioner must apprise the state court of the federal constitutional

issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

The Court has reviewed the record and agrees that these claims are unexhausted. Although Petitioner raised claim one in his Rule 3.850 motion, he failed to appeal the denial of that motion. *See Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) (stating that to meet the exhaustion requirement, a petitioner must have "fairly apprised the highest state court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.") (citations omitted). Furthermore, Petitioner did not raise claim two in the state court. *See McNair*, 416 F.3d at 1302 (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

Therefore, these claims are unexhausted, and the Court is precluded from considering them because they would be procedurally defaulted if Petitioner returned to state court. *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009) (citing *Snowden*, 135 F.3d at 736 ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.")). Petitioner could not return to the state court to raise these claims because a Rule 3.850 motion or state habeas petition would be untimely at this juncture.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show

6

both "cause" for the default and actual "prejudice" resulting from the default. *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Petitioner has not shown cause or prejudice that would excuse any procedural default. Likewise, he has not shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Accordingly, the Court is barred from reviewing claims one and two.[2]

## B.   Claim Three

Petitioner alleges that the state post-conviction court erred by denying his ineffective assistance of counsel claim regarding the fingerprint expert without holding

---

[2] The Court also notes that Petitioner's claims are without merit. Margaret Cline, a latent fingerprint analyst testified that the fingerprints found on a television stolen from the victim's home were matched to Petitioner's fingerprints (Doc. 17-1 at 264, 291, and 304). Therefore, Petitioner's claim that an independent fingerprint examiner would have concluded that the fingerprints did not match is speculative. *See Tejeda v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (stating vague, conclusory, speculative and unsupported claims cannot support relief for ineffective assistance of counsel). Furthermore, Petitioner cannot show that counsel's actions resulted in prejudice. An eyewitness identified Petitioner as one of the men who entered the victim's home without permission. *Id.* at 145-46. Additionally, appellate counsel's failure to raise the claim on direct appeal did not result in prejudice because the claim did not have a reasonable probability of success on appeal. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991)). Therefore, claims one and two are denied.

an evidentiary hearing (Doc. 9 at 8).

Petitioner's claim relates to a perceived error in the state post-conviction proceedings. "[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) (citing *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987)); *Carroll v. Sec'y Dep't of Corr.*, 574 F.3d 1354 (11th Cir. 2009). Petitioner's claim is unrelated to the cause of his detention, and thus habeas relief is not available to address this claim. *See Carroll*, 574 F. 3d at 1354; *Spradley*, 825 F.2d at 1568. Therefore, this claim is denied. *See, e.g., Beier v. Butler*, No. 8:99-cv-754-T-27TBM, 2009 WL 189940, at *8-9 (M.D. Fla. Jan. 23, 2009) (denying claims asserting errors in the manner in which the state court conducted the post-conviction proceedings because the claims were unrelated to the cause of detention and consequently, did not state a basis for federal habeas relief).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV.  CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).  To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*,

568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus filed by Chad Grant (Doc. 9) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment and close the case.

**DONE AND ORDERED** in Orlando, Florida, this 30th day of October, 2015.



ROY B. DALTON JR.
United States District Judge

9

Copies to:
OrlP-3 10/30
Chad Grant
Counsel of Record